UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANTOINE MICHAEL PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:09-cv-018-DFH-TAB |
| ) | |
| STATE OF INDIANA, ) | |
| COUNTY OF MARION, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action
And Directing Entry of Final Judgment**

**I.**

Antoine Michael Perry, an inmate at the Marion County Jail II, filed this civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and 18 U.S.C. § 241. The defendants are the State of Indiana, and County of Marion.

Perry alleges that he was wrongfully accused of physically abusing his son, falsely arrested by police officers for battery with injuries, released on bond, and then falsely arrested for violating a protection order limiting contact between Perry and his son. Perry ultimately pled guilty to charges related to these events in an Indiana state court. He claims that he is a victim of malicious prosecution and that his Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendment rights were violated in the process. He requests that his conviction be overturned to remedy these Constitutional violations, and he seeks $10 billion dollars in damages.

Perry's complaint is accompanied by his request to proceed *in forma pauperis*. That request is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

**II.**

**A.**

Because Perry is a prisoner, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). A claim may be dismissed under this standard if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he seeks. *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

**B.**

This action must be dismissed. This disposition is compelled as to Perry's claim for damages because he could not prevail here without impugning the validity of the convictions described in the complaint. This is relevant because the law is that where "success in a . . . [42 U.S.C. §] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon."). "Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit." *Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004); *see also Apampa v. Layng,* 157 F.3d 1103, 1105 (7th Cir. 1999). Perry's complaint makes clear that his convictions are still in effect, stating that he has filed a separate bid for post-conviction relief. The court finds the *Heck* bar equally applicable to the other statutes invoked by Perry in his complaint, although one such statute, 18 U.S.C.§ 241, does not provide a private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis of a civil suit.).

The dismissal of the action is also compelled as to Perry's claim seeking to have his conviction vacated because the exclusive federal remedy for such a claim is through an action for a writ of habeas corpus. See, e.g., *Muhammad v. Close,* 540 U.S. 749, 750-52 (2004). The court is not free to convert the civil rights action to a habeas action. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

**III.**

For the reasons explained above, the complaint fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice in order to make clear

that Perry has no impediment to seeking federal habeas corpus relief as a result of filing this lawsuit and that Perry's claims under § 1983 and its companion statutes have not yet accrued.

 Judgment consistent with this Entry shall now issue.

 So ordered.

                DAVID F. HAMILTON, Chief Judge
                United States District Court

Date: 3/11/09